UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
TRUSTEES FOR THE MASON TENDERS         :
DISTRICT COUNCIL WELFARE FUND, PENSION  :       20 Civ. 626 (PAE)
FUND, ANNUITY FUND, AND TRAINING        :
PROGRAM FUND, and JOHN J. VIRGA, IN HIS  :      OPINION & ORDER
FIDUCIARY CAPACITY AS DIRECTOR,       :
          :
     AND                                     :
          :
ROBERT BONANZA, AS BUSINESS MANAGER    :
OF THE MASON TENDERS DISTRICT COUNCIL   :
OF GREATER NEW YORK,                    :
          :
                        Petitioners,        :
          :
               -v-                                :
          :
UNIVERSAL PRESERVATION GROUP,          :
          :
                        Respondent.      :
          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Petitioners—the Trustees for The Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund, (the "Funds"), and the Mason Tenders District Council of Greater New York (the "Union")—seek confirmation of an arbitral award issued against respondent Universal Preservation Group ("Universal"). *See* Dkt. 1 ("Pet."), Ex. 1. ("Award"). Universal is an employer bound to a Collective Bargaining Agreement (the "CBA") with the Union. *See* Pet. ¶¶ 6–7. On January 23, 2020, petitioners commenced this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the Court confirms the Award.

I.     Background[1]

    A.     **The Parties and Their Agreements**

The Funds are multiemployer labor-management trust funds organized and maintained pursuant to ERISA. Pet. ¶ 1. Their principal place of business at 520 8th Avenue, Suite 600, New York, NY 10018. *Id.* The Union is a labor organization that represents employees working in an industry affecting commerce as defined by Section 501 of the LMRA. *Id.* ¶ 2. It maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018. *Id.* Universal is an "employer" in an industry affecting commerce and maintained this status at all times relevant to this lawsuit. *Id.* ¶ 3. It is located at 120 Commerce Court, Cheshire, CT, 06410. *Id.*

Universal became bound to the CBA in 2014 and has not terminated that agreement. *Id.* ¶ 6; Award at 1. The CBA requires Universal, *inter alia*, to pay contributions to the Funds for all employees covered by the CBA, at the rates set forth in that agreement. Pet. ¶ 7. Additionally, Article 6.15.i of the CBA binds Universal to the "Trust Agreements," which require Universal to pay those monthly contributions no later than 15th day of the month following the month for which they are due as provided in the CBA. *Id.* ¶ 11; Award at 1. Furthermore, the Trust Agreements hold Universal responsible for unpaid contributions, interest on unpaid contributions determined by using the rates prescribed by 26 U.S.C. § 6621, reasonable attorney's fees and costs, and other equitable relief as the court deems appropriate. Pet. ¶ 9. Finally, the Trust Agreements provide that in the case that Universal is delinquent in payment of its contributions to the Funds, the Trustees may initiate arbitral proceedings to enforce Universal's obligations. *Id.* ¶ 13.

---

[1] The following undisputed facts are derived from the Petition and the exhibits attached thereto.

B.   **The Arbitral Award**

A dispute arose between Petitioners and Universal when Universal failed to meet its payment obligations for the periods of June 1, 2016 to December 26, 2017, and June 1, 2018 to September 30, 2018. *Id.* ¶ 14. On approximately December 4, 2018, Petitioners gave notice to Universal, and initiated arbitral proceedings before Arbitrator Joseph Harris, who sent a notice of the scheduled hearing to Universal by email.[2] *Id.* ¶ 15; Award at 1. Despite being notified of the arbitration, Universal did not appear. Pet. ¶ 16; Award at 1.

Petitioners presented evidence of the audit they conducted and the associated delinquent contributions. Pet. ¶ 16; Award at 2. On January 24, 2019, arbitrator Harris issued the Award, finding that, based "[upon] the substantial and credible evidence that was presented," Universal owed the Funds the delinquent contributions. Award at 2. Harris directed Universal to pay to the Funds a total of $201,895.00, comprising delinquent contributions, interest, liquidated damages, late payment interest, costs, and fees. *Id.* at 3.

C.   **This Action**

On January 23, 2020, after Universal failed to comply fully with petitioners' demand for the Award amount, petitioners filed this action seeking to confirm the Award. Dkt. 1. On February 4, 2020, petitioners effected service, making the deadline for an answer February 28,

---

[2] The email gave adequate notice to Universal concerning the arbitral proceedings. Alternative dispute resolution, such as arbitration, requires "fundamental fairness." *Euromarket Designs, Inc. v. McGovern & Co., LLC*, No. 08 Civ. 7908 (LTS) (DCF), 2009 WL 2868725, at *4 (S.D.N.Y. Sept. 3, 2009) (citing *Congressional Securities, Inc. v. Fiserv Correspondent Services, Inc.*, 102 Fed. App'x 190, 191–92 (2d Cir. 2004)). The fundamental fairness standard is met "when the parties have had adequate notice and opportunity to be heard by unbiased decision-makers." *Wise v. Marriott Intern., Inc.*, No. 06 Civ. 11-1439 (LAP), 2007 WL 2780395, at *4 (S.D.N.Y. Sept. 24, 2007) (citation omitted). Harris' email letter provided that degree of notice to Universal. *See Local 210 Warehouse & Prod. Employees Union, AFL-CIO v. Envtl. Servs., Inc.*, 221 F. Supp. 3d 306, 311 (E.D.N.Y. 2016) (finding that an email from an arbitrator was sufficient to put both parties on notice regarding the status of the proceedings).

2020.  Dkt. 8.  Universal, despite having been served, has not opposed the Petition or otherwise participated in this matter.

## II.     Discussion

### A.     Applicable Legal Standards

"Arbitration awards are not self-enforcing," and they "must be given force and effect by being converted to judicial orders by courts."  *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)).  The Federal Arbitration Act provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'"  *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  *D.H. Blair*, 462 F.3d at 110 (citation omitted).  In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high . . . ."  *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation."  *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12).

4

Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitral award against a party that has failed to oppose the motion is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award,

> [A] court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*.

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as petitioners have shown there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted him by the parties, and found "substantial and credible evidence" that Universal was required to make certain payments to the Funds, and that it failed to do so, as revealed by evidence submitted by petitioners at the arbitration hearing. Award at 2–3. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and, by all indications, a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at 797 (citation omitted). Accordingly, the Court confirms the Award in favor of petitioners, for a total amount of $201,895.00.

### C. Attorneys' Fees Associated with this Action

Independent of the fee component of arbitrator Maher's Award, petitioners also request fees and costs incurred in bringing the instant Petition. Pet. ¶ 19. Absent statutory authority, however, the Court ordinarily may not grant an application for attorneys' fees. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012) (parties not necessarily entitled to fees and costs associated with bringing petition to confirm arbitration award for recovery of delinquent

6

contributions) (citing *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011)); *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stainless Partners, Inc.*, No. 07 Civ. 3542 (CPS), 2007 WL 3232260, at *3 n.4 (E.D.N.Y. Oct. 31, 2007) (denying request for attorneys' fees where petitioners failed to submit any time records).  Section 301 of the LMRA does not provide such authority.

In the absence of such authority, the Court may nonetheless award attorneys' fees under its inherent equitable powers when opposing counsel acts in bad faith.  *See Carpenters Pension Fund*, 2012 WL 3744802, at *4.  Petitioners, however, have not provided evidence upon which the Court could find bad faith here.  Accordingly, the Court does not award fees and costs associated with bringing the Petition.

### D.     Post-Judgment Interest

Petitioners also seek post-judgment interest.  Pet. ¶ 19.  Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  Awards of post-judgment interest under § 1961 are mandatory.  *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases).  An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered."  9 U.S.C. § 13(c).  Accordingly, § 1961 applies to actions to confirm arbitral awards.  *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101–02 (2d Cir. 2004) (awarding post-judgment interest in arbitration case).  The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $201,895.00, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Court respectfully requests that the Clerk of Court close this case.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: August 18, 2020
       New York, New York